UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES <br> Applicant <br><br> V. <br><br> REAL PROPERTY LOCATED AT <br> 2814 GALLAGHER ROAD, <br> DOVER, FLORIDA 33527 | **UNDER SEAL** <br><br><br> Misc. No. _____ |

**UNITED STATES' EX PARTE APPLICATION
TO REGISTER AND ENFORCE A FOREIGN RESTRAINING ORDER
PURSUANT TO 28 U.S.C. § 2467(d)(3)(B)(ii) AND 18 U.S.C. § 983(j)(1)(A)**

Applicant United States of America, by and through its undersigned attorneys, respectfully requests that this Court issue a restraining order against the beneficial owner of the above-captioned property, more fully described in the attached Proposed Order, pursuant to 28 U.S.C. § 2467(d)(3)(B)(ii) and 18 U.S.C. § 983(j)(1)(A). This application seeks enforcement of a foreign restraining order issued by the Regional Court in The Hague, the Netherlands, to preserve the availability of U.S. assets that are subject to forfeiture in the Netherlands. The real property will be restrained pending the presentation of a final Dutch confiscation (forfeiture) order to the Attorney General for execution pursuant to 28 U.S.C. § 2467(b)(1).

In March 2016, the Department of Justice's Office of International Affairs ("OIA") referred a mutual legal assistance ("MLA") request from the Netherlands to the Money Laundering and Asset Recovery Section ("MLARS") of the Department of Justice. The request seeks the enforcement of a restraining order (hereinafter, the "Dutch Restraining Order), issued on February 16, 2015 by Public Prosecutor P.P.E. van de Riviere, and which was ratified by Judge C.H.M. Royakkers of the Regional Court in The Hague on April 28, 2015,. *See* Exhibit 1,

AAG Certified Dutch. Restraining Order. On May 10, 2017, the Dutch Restraining Order was certified for enforcement by the Assistant Attorney General ("AAG") of the U.S. Department of Justice's Criminal Division in accordance with 28 U.S.C. § 2467(b)(2) and (d)(3)(B)(ii). *Id.*

Should this Court issue the attached Proposed Order, this U.S. restraint will preserve the asset for confiscation pending the conclusion of criminal and confiscation proceedings in the Netherlands. If this Court issues the restraining order, a lis pendens will be filed in Hillsborough County to prevent the sale or encumbrance of the real property. The United States will also seek the Dutch authorities' permission to move this Court to unseal the case so that notice and a copy of this Court's Order can be provided to natural and legal persons having an interest in the properties restrained.

## I.   JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 2467. Venue is proper in this Court pursuant to § 2467(c)(2)(B), which provides that "venue shall lie in the district court for the District of Columbia or in any other district in which the defendant or the property . . . may be found."

## II.   FACTUAL BACKGROUND

Dutch authorities are investigating Ronald Vos and his companies AGN Auto Groep Nederland BV ("AGN Auto") and Dreams on Wheels BV ("Dreams on Wheels") for money laundering, violations of the Laundering Prevention and the Financing of Terrorism Act ("WWFT"), and tax fraud/evasion. Starting in 1996, Vos was the CEO of a company called Astarte BV, the business activities of which included the trade in vehicles and boats that were imported from the United States. In 2010, a fire at the company's premises caused Vos to

2

terminate the business activities of Astarte BV and to transfer them to Dreams on Wheels and later to AGN Auto.

As described in the treaty request, Dutch authorities believe that Vos sold cars to various criminals, knowing or willfully blind to the fact that these customers were paying him with the proceeds of crime. Thus, Vos facilitated money laundering, a fact which he attempted to conceal by failing to file the legally required suspicious transaction reports. Dutch police data indicates that approximately 208 of 258 customers of Dreams on Wheels and AGN Auto appeared to have criminal records related to financial crimes, drug offenses, weapons and ammunition offenses, or violent crimes (including murder). According to the Dutch investigation, these customers typically paid Vos in cash, an activity often associated with money laundering. Dutch authorities obtained evidence during their investigation indicating that Vos had a pattern, beginning as early as 2005, of failing to disclose several unusual financial transactions in compliance with his WWFT reporting obligations. Additionally, the Dutch investigation revealed a false invoice related to the export of a Mercedes to Dubai.

In August 2013, Dutch authorities searched the premises of Dreams on Wheels/AGN Auto and seized data from the companies and $10,000 in cash from Vos's clothes. On October 21, 2013, Astarte BV and Dreams on Wheels, represented by Vos, were convicted by the District Court in The Hague for failing to report unusual transactions and were sentenced to pay 17,000 and 18,000 euros, respectively in fines. Following the review of the seized data, interviews of witnesses, and the collection and analysis of data from Dutch financial organizations and tax authorities, on June 3, 2014, Dutch authorities arrested Vos for money laundering, criminal WWFT violations, and tax fraud/evasion.

Specifically, Dutch authorities discovered that, in approximately February 2013, an individual named Mohamed Al Mehiawi from Munich, Germany, paid 180,000 Euros in cash to Vos for the purchase of cars that Vos had purchased in the United States. Around this time, 171,073 euros was transferred from an AGN Auto bank account to a bank account in the United States (Capital One Bank account number 1360647729), which was linked to the company KM and Associates LL in Alexandria, Virginia. Vos reported this transaction as an unusual transaction and explained that he was only facilitating the transfer of money for Mehiawi for a small fee of 8,900 euros, but never saw Mehiawi or the cars Vos was going to purchase again.

Dutch authorities also discovered that Vos purchased a house in Hillsborough County, Florida, located at the following address: 2814 Gallagher Road, Dover, Florida 33527. During the investigation, Dutch tax authorities determined that Vos had not reported to the appropriate Dutch agencies that he owned any property or assets in the United States. According to Dutch authorities, a review of bank records provided to them by the appropriate United States officials indicated that, between approximately July 2008 and December 2008, $446,992 was transferred from Astarte BV's bank account to a Wachovia Bank account in the United States. Dutch authorities believe that this money was used to purchase the house in Florida that is the subject of the attached Proposed Order.

Dutch authorities have instituted confiscation proceedings in this case as they believe Vos's criminal conduct has resulted in considerable financial profits. On April 28, 2015, the Dutch Investigating Judge granted authorization for levying a prejudgment attachment up to 1,000,000 Euros. *See* Exhibit 1, Appendix 1, translation p. 11. The judicial authorization specifically lists the house in Dover, Florida, as subject to prejudgment attachment. *Id.* The

4

Dutch prosecutor issued an attachment order for the house in Dover, Florida, which was ratified by the Investigating Judge. *See* Exhibit 1, Appendix 2, translation p. 12.

## III. LEGAL AUTHORITY

Pursuant to 28 U.S.C. § 2467(d)(3), federal courts are authorized to issue orders to preserve property during the pendency of foreign forfeiture proceedings until receipt of an enforceable, final foreign forfeiture or confiscation judgment. *See* Preserving Foreign Criminal Assets for Forfeiture Act of 2010, Pub. L. No. 11-342, 124 Stat. 3607 (codified as amended in 28 U.S.C. § 2467(d)(3)). Section 2467(d)(3)(A) provides:

> [t]o preserve the availability of property subject to civil or criminal forfeiture under foreign law, the Government may apply for and the court may issue a restraining order at any time before or after the initiation of forfeiture proceedings by a foreign nation.

Section 2467(d)(3)(A) requires that the U.S. restraining order be issued "consistent with subparagraphs (A), (C), and (E) of subparagraph [(d)](1) and the procedural due process protections for a restraining order under section 983(j) of title 18." 28 U.S.C. § 2467(d)(3)(A). Consequently, the district court may deny enforcement of a foreign restraining order if it finds that the order was obtained without due process, was issued by a foreign court that lacked subject matter jurisdiction, or was obtained by fraud. The statute's cross-references to § 983(j) do not require that criminal or civil forfeiture proceedings be filed in the United States to enforce a foreign court's restraining order, but, rather, the foreign criminal or forfeiture proceedings initiated abroad should comport with U.S. notions of due process. *See* 28 U.S.C. § 2467(d)(3)(A)(ii)(II); *see also Luan v. United States*, 722 F.3d 388, 394-97 (D.C. Cir. 2013) (holding that the filing of a foreign civil forfeiture complaint is not required, but that "applicable" foreign criminal proceedings, sufficient to justify the restraint of assets indefinitely pending final forfeiture, should entail "procedural due process protections consistent with those

5

that the filing of an American civil forfeiture complaint" would have afforded). In line with analogous procedures in a domestic civil or criminal forfeiture proceeding under 18 U.S.C. § 983(j), U.S. courts may issue orders appropriate to preserve property during the pendency of foreign criminal or forfeiture proceedings.

Certification by the U.S. Attorney General or his authorized designee that enforcement of the foreign restraining order is in the "interest of justice" is a prerequisite for enforcement of a foreign order. See 28 U.S.C. § 2467(b)(2). On May 9, 2006, the Attorney General delegated authority for the certification of orders under this provision to the Assistant Attorney General for the Criminal Division. The AAG's determination is not subject to judicial review. See 28 U.S.C. § 2467(d)(3)(B)(ii) and § 2467(b)(2).

## IV. DISCUSSION

### A. The Dutch Restraining Order Meets the Criteria for Enforcement Under § 2467(d)(3)(A).

Section 2467 sets forth the following criteria that are relevant in considering a request for enforcement of a foreign restraining order: (1) whether the United States and the foreign nation seeking enforcement of the order are parties to a formal, international agreement providing for mutual forfeiture assistance, § 2467(a)(1); (2) whether the Attorney General has determined it would be in the interest of justice to certify the order for enforcement, § 2467(b)(2); (3) whether the foreign order was issued consistent with due process, § 2467(d)(3)(A)(ii)(I); (4) whether the foreign court had subject matter jurisdiction to issue the restraint, *Id.*; and (5) whether there is any reason to believe the foreign order was obtained by fraud. *Id.*[1] The Dutch Restraining Order

---

[1] *See In re Restraint of All Assets Contained or Formerly Contained in Certain Investment Accounts at UBS Fin. Servs., Inc.*, 860 F. Supp. 2d 32, 42 (D.D.C. 2012) (asserting that in considering an application for a restraining order under § 2467(d)(3), a "district court should begin with the premise that the foreign proceedings or procedures are in fact compatible with due

meets the above criteria for registration and enforcement pursuant to § 2467 and, therefore, entry of a U.S. restraining order is both necessary and appropriate to preserve the property for eventual confiscation should Vos be convicted of the relevant Dutch money laundering offenses.

1. <u>Agreement on Forfeiture Assistance</u>

First, the United States and the Netherlands are parties to formal, international agreements obligating each nation to provide mutual legal assistance in investigations, prosecutions, and other proceedings, including confiscation and the immobilization of assets.[2]

2. <u>Attorney General Certification</u>

Second, the Dutch Restraining Order was certified by the Assistant Attorney General on May 10, 2017. *See* Exhibit 1. The AAG, in certifying the order, acknowledged that he has considered the facts of the case, the foreign law, the applicable U.S. law, and the circumstances of the judiciary from where the order came, and has concluded that enforcement of the foreign restraining orders, pursuant to 28 U.S.C. § 2467, is "in the interest of justice." *Id.* Thus, the second criterion for enforcement is met.

3. <u>Due Process</u>

Third, the April 28, 2015, restraining order from the Netherlands was issued consistent with due process. Based on a reasonable suspicion that the suspect's criminal actions have resulted in illegal profits, forfeiture proceedings have been initiated in the Netherlands for the

---

process"). An affected party with a legally protected property interest may appear in this proceeding to challenge any U.S. restraining order issued as a result of this application by making an affirmative showing that the foreign order or process were defective.

[2] *See* Agreement Regarding Mutual Cooperation in the Tracing, Freezing, Seizure and Forfeiture of Proceeds and Instrumentalities of Crime and the Sharing of Forfeited Assets, arts. 2-3, U.S.-Neth., Nov. 20, 1992, T.I.A.S. No. 12,482; Treaty Between the Kingdom of the Netherlands and the United States of America on Mutual Assistance in Criminal Matters, U.S.-Neth., arts. 1, 6, June 12, 1981, 35 U.S.T. 1361.

purpose of determining, tracing, and confiscating the illegally obtained profits. Thus, on April 28, 2015, the judge granted specific authorization for the restraint of certain assets alleged to be the proceeds of crime, including the property beneficially owned by Vos at 2814 Gallagher Road, Dover, Florida 33527. In the Netherlands, in the context of a court-authorized Criminal Financial Investigation (CFI), which is a separate judge-authorized forfeiture proceeding, a Public Prosecutor is permitted to order the seizure and restraint of assets without the express authorization of a judge. However, at the request of the United States, judicial authorization was sought, and AFMLS presents for AAG certification both the Judicial authorization, dated April 28, 2015, and the Prosecutor's order, both of which will be treated together as the Dutch Restraining Order. According to Articles 94 and 94a of the Dutch Code of Criminal Procedure, a prejudgment restraining order may be issued to preserve property and secure the right of recourse with respect to confiscation of the proceeds and advantages of a qualifying serious offense. The Dutch restraining order, issued pursuant to Articles 94 and 94a, is a provisional measure to preserve the property for later confiscation.[3] Per the terms of the Prosecutor's restraining order, the property is subject to confiscation under Articles 33 and 33a of the Dutch Criminal Code because it constitutes the proceeds of crime.

As permitted under Dutch law, the Dutch Public Prosecutor satisfied the Court that the Dutch restraining order must be issued ex parte because there is a risk that notifying the suspect before the order is registered and enforced in the United States could result in the dissipation of

---

[3] Under Article 94 of the Dutch Code of Criminal Procedure, assets subject to seizure include those which may be confiscated under Article 36e of the Dutch Penal Code. Article 94a of the Code of Criminal Procedure provides that suspicion of a criminal offense is a sufficient basis for the seizure of assets. Article 94a contains four subsections authorizing seizure in order to safeguard assets in the event that a confiscation order or criminal fine is issued upon conviction for a criminal offense.

the asset. Therefore, Vos has not yet been given notice of the existence of the Dutch restraining order. Following the enforcement of the Dutch restraining order by a U.S. court, the Dutch authorities will provide notice of the order to Vos. Upon notice, under Dutch law, the owner of a restrained property will have an opportunity to object by filing a complaint in Dutch Court.

4. <u>Subject Matter Jurisdiction</u>

Fourth, Dutch authorities have represented that The Hague Court in the Netherlands is the proper authority to authorize the issuance of the Dutch restraining order in this matter because it is the court with jurisdiction over Vos. Furthermore, Public Prosecutor van de Riviere in The Hague has represented that she is the proper authority to order the restraint of the property on the basis of Articles 94a and 126b of the Dutch Code of Criminal Procedure. The United States has no reason to doubt these representations. Taking into account the presumption of regularity of foreign judicial proceedings and these facts, the fourth criterion for enforcement is met. *See In re Restraint of Certain Investment Accounts at UBS Fin. Servs., Inc.*, 860 F. Supp. 2d at 42.

5. <u>Absence of Fraud</u>

Fifth, taking into account the presumption of regularity in foreign proceedings and the facts known to the United States, there is no reason to believe that the April 28, 2015, Dutch Restraining Order was obtained by fraud. Accordingly, the five criteria pertinent in considering an application to enforce and register a foreign restraining order are satisfied.

**B.    Dual Forfeitability Is Satisfied.**

In an application to enforce a foreign restraining order (as opposed to a final judgment), the United States, on a plain reading of the statute, may not need to show that the criminal conduct supporting the foreign restraining order would also give rise to forfeiture if it had been committed in in this country. *See* 28 U.S.C. § 2467(a)(2)(A) (defining "forfeiture or confiscation

judgments" in such a way that requires a showing of dual forfeitability); § 2467(d)(3)(A)(ii)(I) and (d)(3)(B)(ii) (setting out the procedures for enforcement of a foreign restraining order with no mention of, nor cross-reference to, the subsection of the statute concerned with dual forfeitability). In the published decisions of this Court, one judge *has* applied the requirement without discussion, and another *declined* to resolve the question of whether dual forfeitability must be demonstrated by the United States at the restraint phase. *Compare In re Seizure of Approx. $12,116,153.14 and Accrued Interest in U.S. Currency*, 903 F. Supp. 2d 19, 30 (D.D.C. Nov. 9, 2012) (stating that dual forfeitability is required when enforcing a foreign restraining order and deciding that the United States satisfied the requirement), *with In re Restraint of Certain Investment Accounts at UBS Fin. Servs., Inc.*, 860 F. Supp. 2d 32, 41 (D.D.C. May 17, 2012) ("[Section 2467(d)(3)] does not expressly incorporate the dual forfeiture requirement that applies to final orders of forfeiture . . . however, the Court need not resolve the question . . . because, even assuming its applicability, it is satisfied in this case"). As a practical matter, the United States acknowledges that dual forfeitability may become relevant if and when the Netherlands asks the United States to enforce a confiscation judgment and the United States applies to enforce such a final judgment.

Here, however, dual forfeitability is satisfied because Vos's underlying conduct would be chargeable under U.S. criminal laws giving rise to forfeiture had his criminal acts been committed here. Specifically, his conduct could violate 18 U.S.C. § 1956(a)(1)(B)(i)("Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . knowing that the transaction is designed in whole or in part . . . .to conceal or disguise the nature, the location, the source, the ownership,

or the control of [such] proceeds")); and 18 U.S.C. § 1957 (money laundering spending statute that criminalizes the knowing engagement or attempting to engage, in a monetary transaction with proceeds of a specified unlawful activity in an amount greater than $10,000 by, through or to a financial institution). Vos used his companies to sell luxury cars for cash to customers he either knew or should have known were using criminal proceeds to make the purchase. He drew up fake invoices to conceal the nature of the funds and used his profits to purchase the Florida home now subject to restraint. Any property involved in, or traceable to, a money laundering transaction is forfeitable. *See* § 982(a)(1) (criminal forfeiture); § 981(a)(1)(A) (civil forfeiture). Finally, Vos failed to file the equivalent of currency transaction reports, which, in the United Sates, could be a violation of 31 U.S.C. § 5322, thus giving rise to forfeiture under 31 U.S.C. § 5317(c).

### C. This Court Should Act to Enforce the Dutch Restraining Order by Issuing a Restraining Order in a Manner Consistent with 18 U.S.C. § 983(j)(1).

The April 28, 2015, Restraining Order entered by the Regional Court in The Hague reflects the intention of the Dutch authorities to seek asset forfeiture should the criminal case against Vos result in a conviction. Thus, the United States, acting in accordance with its treaty obligations, seeks to guarantee the effectiveness of any future confiscation order against the suspect's U.S. assets. Applying the language of § 2467(d)(3)(A) and structure under 18 U.S.C. § 983(j)(1)(A), this Court possesses the authority to issue an order—consistent with the Dutch Restraining Order—to "preserve the availability of property . . . subject to forfeiture" for the duration of the Dutch criminal and confiscation proceedings. See 28 U.S.C. § 2467(d)(3)(A) (specifying that the district court may enter a restraining order at any time before or after the initiation of foreign forfeiture proceedings). As such, this Court should recognize the Dutch Restraining Order from The Hague and enforce it by restraining the specified assets and

prohibiting Vos, and all others acting on his behalf, from adversely affecting the real property in the United States. See Exhibit 1, AAG Certification and Dutch Restraining Order, (ordering the restraint of assets in the United States). Should the Court grant this Ex Parte Application, the United States will provide notice of any resulting order on the affected individuals, after first recording a Lis Pendens on the affected property.

## V. CONCLUSION

The United States respectfully requests that this Court enforce the attached Dutch Restraining Order, consistent with U.S. obligations under the relevant treaty, by entering an order pursuant to this Court's authority under 28 U.S.C. § 2467(d)(3)(A), (d)(3)(B)(ii), and 18 U.S.C. § 983(j)(1)(A). The United States will seek the assistance of the Dutch Public Prosecutor in providing notice and a copy of any order issued by this Court to Vos, once the assets are secured.

Respectfully submitted,

DEBORAH L CONNOR, ACTING CHIEF
MONEY LAUNDERING AND ASSET
RECOVERY SECTION

By: _____
A.J. DE KLUIVER D.C. BAR No. 1046349
Senior Legal Counsel
ALLISON ICKOVIC
Trial Attorney
U.S. Department of Justice
Criminal Division
Money Laundering and Asset Recovery Section
1400 New York Avenue NW, 10100
Washington, DC 20530
Telephone:   (202) 514-1263
Email:   Allison.ickovic@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA